UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Reliance Insurance Company (In Liquidation),

       Plaintiff,

vs.                                Case No.  3:06-cv-585-J-20MCR

Core Carriers, Inc., a foreign corporation,

       Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the Motion to Intervene filed by RLI

Insurance Company (Doc. 13) on March 28, 2007.  RLI Insurance Company ("RLI")

certifies that counsel for Defendant, Core Carriers, Inc., does not oppose this motion.

Plaintiff, Reliance Insurance Company, filed a response in opposition on April 6, 2007

(Doc. 18).  Accordingly, the matter is now ripe for judicial review.

### BACKGROUND

On June 28, 2006, Plaintiff filed a complaint (Doc. 1) alleging breach of contract

and unjust enrichment against Defendant for failure to pay premiums allegedly owed to

Plaintiff under two insurance policies.  Plaintiff claims that it issued two insurance

policies to Defendant: a Workers Compensation policy and a Commercial Auto/Truckers

Liability policy (the "Truckers Liability policy").  (Doc. 1, ¶¶ 7-8).  According to Plaintiff,

the policies required Defendant to pay an initial premium based on exposures

Defendant had estimated before the policies began and after the policy expired, to pay

a final premium adjustment based on the actual exposures as calculated by Plaintiff. (Doc. 1, ¶9).  Plaintiff alleges that after the policies expired, it determined that Defendant owed an additional $170,922 in adjusted premiums for the Workers Compensation policy and an additional $134,026.00 for the Truckers Liability policy. (Doc. 1, ¶13).  Defendant denies it owes this money and raised statute of limitations and laches defenses.  (Doc. 5).

The Truckers Liability policy includes an endorsement containing a deductible reimbursement agreement, whereby Defendant is to reimburse Plaintiff "for all amounts paid by [Plaintiff] under the polic[y] within the applicable deductible amounts, plus allocated loss adjustment expenses."  (Doc. 13, Ex. B).  That agreement required Defendant to provide collateral to secure its obligations.  Accordingly, Defendant obtained a surety bond (the "Bond") in the amount of $100,000.00 from RLI.  (Doc. 13, Ex. B).

According to RLI, in January 2007, Plaintiff made demand to RLI for $66,734.26 pursuant to the Bond.  (Doc. 13, p.2).  RLI advised Plaintiff that its claim was under a contract not covered by the Bond and thereafter, Plaintiff reduced its claim to $60,063.00.  Id.  Plaintiff further reduced its claim after RLI again pointed out that the amount still included $15,000.00 not covered by the Bond.  Id.  On March 8, 2007, Plaintiff formally made a claim on the Bond in the amount $45,063.00, however, later again reduced the claim to $42,563.  (Doc. 13, p.3).  According to RLI, its attorney contacted counsel for Plaintiff and Defendant on March 12, 2007, in order to resolve the issues surrounding the Bond.  During a telephone conference, counsel for RLI was

informed for the first time that a lawsuit between Plaintiff and Defendant had been

instituted.  Id.  As a result, RLI filed the instant motion seeking to intervene in the

litigation.  RLI has attached its Intervenor Complaint, which seeks an interpleader, an

accounting by Plaintiff, and a declaratory judgment.  (Doc. 13, Ex. D).

**ANALYSIS**

RLI asks the Court to permit it to intervene pursuant to Rule 24(b) of the Federal

Rules of Civil Procedure, which provides:

> (b) Permissive Intervention.  Upon timely application anyone
> may be permitted to intervene in an action: (1) when a
> statute of the United States confers a conditional right to
> intervene; or (2) when an applicant's claim or defense and
> the main action have a question of law or fact in common.  ...
> In exercising its discretion the court shall consider whether
> the intervention will unduly delay or prejudice the
> adjudication of the rights of the original parties.

Rule 24(b), Fed.R.Civ.P.  The determination of whether permissive intervention is

proper in a case is a multiple step process.  First, the Court must determine if the

application is timely.  Next, the Court must determine whether the applicant's claims or

defenses and the main action share common questions of law or fact.  If this

requirement is satisfied, the Court then exercises its discretion in determining whether

intervention should be allowed.

In addressing the first step, RLI claims it first learned of the existence of this

litigation during a conference call on March 12, 2007.  (Doc. 13, p.3).  RLI filed the

instant motion on March 28, 2007.  In a footnote, Plaintiff appears to dispute the

timeliness of RLI's motion.  Plaintiff points out that it had made earlier demands under

the Bond, however, does not provide the dates of its earlier demands.  (Doc. 18, p.2).

-3-

RLI states that Plaintiff made its first demand in January 2007, however, amended its

demand several times until its formal demand on March 8, 2007.  (Doc. 13, p.3).

Plaintiff also argues RLI's motion is defective because the statements as to when RLI

learned of the litigation are not supported by an affidavit or verified complaint.[1] (Doc. 18,

p.2).

Timeliness is not defined in Rule 24 and is to be determined in the sound

discretion of court based on all the circumstances in the case.  National Ass'n for

Advancement of Colored People v. New York, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603

(1973).  The Eleventh Circuit holds that "all the circumstances," includes four factors:

> 1. The length of time during which the would-be intervenor
> actually knew or reasonably should have known of his
> interest in the case before he petitioned for leave to
> intervene ... 2. The extent of the prejudice that the existing
> parties to the litigation may suffer as a result of the would-be
> intervenor's failure to apply for intervention as soon as he
> actually knew or reasonably should have known of his
> interest in the case ... 3. The extent of the prejudice that the
> would-be intervenor may suffer if his petition for leave to
> intervene is denied ... [and] 4. The existence of unusual
> circumstances militating either for or against a determination
> that the application is timely.

Meek v. Metropolitan Dade County, Fla., 985 F.2d 1471, 1478-79 (11th Cir. 1993)

(quoting Stallworth v. Monsanto Co., 558 F.2d 257, 263-66 (5th Cir. 1977)).  Applying

these factors in the instant case results in a finding that the intervention is timely.

As to the first factor, RLI claims it first learned of the case on March 12, 2007,

however, the Stallworth case holds that "the time that the would-be intervenor first

---

[1]  Interestingly, Plaintiff does not cite and the Court is not aware of any requirement that
allegations regarding a would-be intervenor's knowledge of the litigation be under oath.

became aware of the pendency of the case is not relevant to the issue of whether his application was timely." Stallworth, 558 F.2d at 265.  Instead, the question is when the movant first knows of his/her interest in the case.  Id. at 264-65.  Here, the earliest RLI could have possibly known of any interest is January 2007 when Plaintiff first demanded payment under the Bond.  However, as RLI notes, Plaintiff revised its demand several times and did not make a formal demand until March 8, 2007.  RLI filed its motion to intervene on March 28, 2007, twenty days later.  Accordingly, the Court finds there was no significant delay in RLI's filing the motion to intervene.

The next factor, the prejudice to the original parties, focuses only on the prejudice arising from the would-be intervenor's failure to request intervention as soon as he knew or reasonably should have known of his interest in the action.  Stallworth, 558 F.2d at 265.  As stated above, the earliest possible date RLI could have know about its interest is January 2007 and the Court finds Plaintiff suffered no prejudice as a result of RLI waiting until March 28, 2007 in which to file the motion to intervene.[2]

The Court finds RLI's motion to intervene was timely filed and will now consider whether RLI's claims and the main action share common questions of law or fact.  Plaintiff argues that no common issues of fact or law exist between RLI's claims under the Bond and Plaintiff's claims under the Truckers Liability policy.  (Doc. 18, p.2).  Indeed, Plaintiff notes that "no allegations [or] defenses in any of the pleadings" relate to or mention the Bond.  Id.  Moreover, Plaintiff points out that the Bond is "an independent

---

[2]  The third and fourth factors do not weigh either in favor or against intervention and therefore, will not be discussed.

and separate agreement" to the Truckers Liability policy.  While that may be true, it is

likewise true that whether RLI must pay funds to Plaintiff pursuant to the Bond is entirely

dependent upon whether Defendant failed to comply with the Truckers Liability policy,

which is one of the claims Plaintiff makes in its Complaint.  As such, the Court believes

the claims share common issues of fact.

As such, the Court is required to consider whether the intervention will unduly

delay or prejudice the adjudication of the rights of the original parties.  Plaintiff argues

RLI's intervention:

> will unduly prejudice the adjudication of [Plaintiff's] rights in
> this simple action by injecting new and complex issues of
> fact and law that are irrelevant to the underlying case.
> Indeed, RLI's claim for an accounting under Count II of the
> Intervenor Complaint is not related to any defenses raised by
> [Defendant] and will only cause undue expense by requiring
> extended discovery and cause undue delay in adjudicating
> the rights of [Plaintiff] to obtain a judgment against
> [Defendant] under the policy.

(Doc. 18, p.3).  As an initial matter, the Court does not believe the issues raised by RLI

are new or complex.  Like the original action, RLI's claims will deal with whether

Defendant owes Plaintiff money pursuant to the Truckers Liability policy and if so, the

amounts covered by the Bond.  The Court also believes allowing RLI to intervene will

not result in an extended discovery period.  The docket reveals that the Court did not

enter its Case Management and Scheduling Order until March 7, 2007, setting a

deadline for discovery of July 16, 2007 and trial during the term commencing April 7,

2008.  (Doc. 12).  Certainly RLI can complete all discovery prior to the deadline of July

16, 2007.  Thus, the Court finds no undue delay or prejudice will arise from RLI's

intervention in this litigation.  Instead, allowing RLI to intervene will promote judicial

economy by deciding all issues surrounding the Truckers Liability policy in one case.

Accordingly, after due consideration, it is

**ORDERED**:

1.      RLI's Motion to Intervene (Doc. 13) is **GRANTED**.

2.      RLI shall file a response to Plaintiff's Complaint (Doc. 1) within ten (10)

days of the date of this Order.

3.      The Clerk is directed to file the Intervenor Complaint, attached as Exhibit D to

RLI's Motion (Doc. 13).


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  11th  day of

April, 2007.


_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party