UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Reliance Insurance Company (In Liquidation),

       Plaintiff,

vs.                              Case No.  3:06-cv-585-J-20MCR

Core Carriers, Inc., a foreign corporation,

       Defendant.

_____/

## **O R D E R**

    **THIS CAUSE** is before the Court on Defendant's Motion to Compel Interrogatory

Answers (Doc. 46) and Motion to Compel Response to Requests for Production (Doc.

47) filed April 18, 2008.  Plaintiff filed responses in opposition to these motions on May

16, 2008 (Docs. 54 and 55) and Defendant filed a reply memorandum on June 6, 2008

(Doc. 65).  Accordingly, the matters are ripe for judicial review.

## I. **BACKGROUND**

    The instant litigation alleges Defendant, Core Carrier, Inc., breached two

insurance policies issued by Plaintiff and claims unjust enrichment.  (Doc. 33).

Specifically, Plaintiff claims Defendant owes it additional premiums on two insurance

policies: a "truckers liability" policy and a workers compensation policy, issued by

Plaintiff.

    On April 16, 2007, Defendant served Plaintiff with its first set of interrogatories, to

which Plaintiff did not respond.  (Doc. 46).  Defendant also served Plaintiff with its first

request for production of documents on April 16, 2007.  In March of 2008, nearly a year

after being served with the request, Plaintiff responded and objected to all of the

requests.  (Doc. 47).  Accordingly, Defendant filed the instant motions asking the Court

to compel Plaintiff to respond to all of its discovery requests.

After Defendant filed the motions to compel, Plaintiff provided Defendant with

responses to all but one interrogatory (No. 13) and request for production (No. 9).

Additionally, Defendant notes that Plaintiff's response to interrogatory No. 7 is

incomplete.  (Doc. 65).  As such, the Court will limit its analysis to these three discovery

requests.

## II.  DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound

discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729,

731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders

will be sustained absent a finding of abuse of that discretion to the prejudice of a party.

See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the

disclosure of all relevant information so that the ultimate resolution of disputed issues in

any civil action may be based on a full and accurate understanding of the true facts, and

therefore embody a fair and just result.  See United States v. Proctor & Gamble Co.,

356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal

judicial supervision unless a dispute arises and one of the parties files a motion

requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant motion, Defendant claims that Plaintiff has improperly objected to one interrogatory and one request for production of documents and has failed to provide a complete response to another interrogatory.  The Court will address each of Defendant's contentions separately.

### A.    Plaintiff's Objection to Interrogatory No. 13 and Request for Production No. 9

Defendant's Interrogatory No. 13 and Request for Production No. 9 both seek information and documents regarding any legal proceedings in which Plaintiff was a party where a claim of improper or inaccurate retroactive increase in policy premium was asserted against Plaintiff.  Plaintiff objects to these requests on the grounds that they are vague, overbroad and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Specifically, Plaintiff claims that the instant litigation involves a dispute over "specific, identified contracts of insurance" between Plaintiff and Defendant "and whether [Defendant] has failed to satisfy its obligations as delineated in the terms of those specific contracts."  (Doc. 54, p.5).  Therefore, Plaintiff reasons, any disputes Plaintiff may have had with other persons regarding their insurance contracts are irrelevant.  Id.

The Court found Plaintiff's logic persuasive, and therefore, entered an Order directing Defendant to file a reply addressing Plaintiff's objections to Interrogatory No. 13 and Request to Produce No. 9.  (Doc. 59).  Defendant's Reply simply states that Plaintiff's objections to these discovery requests were waived as Plaintiff did not

respond to either the interrogatories or the requests for production in a timely fashion.

(Doc. 65).

Rule 33(b)(4) of the Federal Rules of Civil Procedure provides:

> [t]he grounds for objecting to an interrogatory must be stated
> with specificity.  Any ground not stated in a timely objection
> [within 30 days after being served with the interrogatories] is
> waived unless the court, for good cause, excuses the failure.

Rule 34 dealing with requests for production of documents, contains a similar

requirement that objections to requests for production be timely and stated with

reasons, see Rule 34(b)(2), Fed.R.Civ.P, and the Advisory Committee Notes to the

1970 Amendment state that this subdivision "is essentially the same as that in

Rule 33 . . ."  Therefore, "when a party fails to timely object to interrogatories, production

requests, or other discovery efforts, the objections are deemed waived."  Pitts v.

Francis, 2008 WL 2229524 *2 (N.D. Fla. 2008) (citing, In re United States, 864 F.2d

1153, 1156 (5th Cir.1989)). The waiver operates even in situations where a party had a

proper objection to a discovery request.  Third Party Verification, Inc. v. SignatureLink,

Inc., 2007 WL 1288361 *3 (M.D. Fla. 2007) (holding "[a] party who fails to file timely

objections waives all objections, including those based on privilege or work product.")

(citing, Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005))

(additional citations omitted).

In the instant case, Plaintiff has provided the Court with no reasons (much less

good cause) for its failure to file timely objections to Defendant's discovery requests.

Accordingly, although the Court finds Plaintiff's objections compelling, Plaintiff has

waived any objections to the discovery requests.  As such, Plaintiff is directed to provide

Defendant with complete responses to Interrogatory No. 13 and Request for Production

No. 9 no later than **Tuesday, June 17, 2008**.

### B.    Plaintiff's Response to Interrogatory No. 7

In its Reply, Defendant also states that Plaintiff's response to Interrogatory No. 7

is incomplete.  This interrogatory states:

> [w]ith respect to your claim for reimbursement on that certain
> surety bond issued by RLI Insurance Company, list each
> item that you included in your claim, the date each item was
> paid or incurred, the nature of the item, the method which
> you used in computing the amount of your demand, the date
> you first determined the amount claimed, and the date you
> informed or notified the defendant and/or RLI insurance
> Company of the claimed amount.

(Doc. 46, p.4).  Defendant contends Plaintiff responded by stating that "the amounts

were initially billed by guaranty associations," that "details were sent to [Defendant's]

insurance agent," and by referring to documents attached to the interrogatory response.

(Doc. 65, p.3).  As noted above, Plaintiff did not object to this interrogatory at any time.

The Court notes that Rule 33(d) of the Federal Rules of Civil Procedure allows a

party to respond to an interrogatory by identifying business records from which the

answer to the interrogatory may be derived so long as "the burden of deriving or

ascertaining the answer will be substantially the same for [the party serving the

interrogatory as for the party served]."  Rule 33(d), Fed.R.Civ.P.  Interrogatory No. 7

appears to be exactly the kind of interrogatory to which a party may utilize Rule 33(d).

Accordingly, it is proper for Plaintiff to respond to Interrogatory No. 7 by providing

documents which will provide the information sought by Defendant.  However, in order

to utilize this provision, the responding party must: (1) specify "the records that must be

reviewed in sufficient detail to enable the interrogating party to locate and identify them

as readily as the responding party could;" and (2) give "the interrogating party a

reasonable opportunity to examine and audit the records and to make copies,

compilations, abstracts, or summaries." Rule 33(d)(1) and (2), Fed.R.Civ.P.  It is not

clear from Defendant's Motion whether Plaintiff has entirely complied with the

requirements of Rule 33(d) or whether the documents actually provide all of the

information sought by the interrogatory.  To the extent Plaintiff has failed to provide

sufficient documentation to allow Defendant to compile all of the requested information

in Interrogatory No. 7 or to the extent Plaintiff has failed to comply with the requirements

of Rule 33(d), Plaintiff is ordered to do so no later than **Tuesday, June 17, 2008**.  If

there are not documents containing all of the information requested by the interrogatory,

Plaintiff is directed to provide a written response with that information no later than

**Tuesday, June 17, 2008**.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Compel Interrogatory Answers (Doc. 46) and Motion to

Compel Response to Requests for Production (Doc. 47) are **GRANTED**.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __10th__ day of

June, 2008.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record